528 So.2d 812 (1988)
Minnie L. STAMPS
v.
ESTATE OF Donnie Joe WATTS, Deceased and the Travelers Insurance Companies.
No. 57741.
Supreme Court of Mississippi.
May 25, 1988.
Rehearing Denied August 10, 1988.
Gerald J. Diaz, Jr., Jackson, for appellant.
Thomas W. Tardy, III, Barry S. Zirulnik, Thomas, Price, Alston, Jones & Davis, Jackson, for appellees.
Before ROY NOBLE LEE, C.J., and ANDERSON and ZUCCARO, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Minnie L. Stamps has appealed from a summary judgment entered against her and in favor of the Travelers Insurance Companies on a complaint seeking punitive damages for bad faith delay/denial to pay an insurance claim.
The appellant assigns three (3) errors committed by the lower court but the real question presented is whether or not the lower court erred in granting appellee's, The Travelers Insurance Companies, motion *813 for summary judgment on the bad faith issue because of its failure to pay medical benefits of the insurance policy and uninsured/underinsured motorist claim provided by the policy.
On the night of March 4, 1984, appellant was driving a 1978 Ford van on Mississippi Highway 18 in Hinds County, Mississippi, when a car driven by Donnie Joe Watts veered across the center line into the opposite lane of traffic and collided head-on with the vehicle driven by appellant. Donnie Joe Watts and the passenger in his car were killed in the collision. There were fourteen (14) passengers in appellant's van, members of a gospel choir returning to Utica from a singing engagement in Jackson. Thirteen (13) of the passengers received injuries. Appellant suffered injuries to her right knee and right arm, and underwent surgery. Her medical bills were in excess of fifteen thousand dollars ($15,000).
Appellant notified her insurance carrier, Travelers, about the accident on March 13, 1984, and retained the services of an attorney. She claimed entitlement to medical and property loss payments. The policy also provided uninsured motorist coverage in the amount of ten thousand dollars ($10,000) per person and twenty thousand dollars ($20,000) per accident. It further provided that the amount of uninsured motorist benefits payable would be the policy limits less any amount paid to appellant from any other policy.
Appellant made claim against the Watts carrier, Thurston Fire & Casualty Insurance. The policy limits on that carrier were ten thousand dollars ($10,000) per person, twenty thousand dollars ($20,000) per accident, and five thousand dollars ($5,000) property loss. Thurston indicated that it would pay the policy limits. It is uncontradicted that the injuries and damages of appellant exceeded the coverages in the Thurston and Travelers policies. Claims advanced by twelve (12) of the other injured parties aggregated two hundred sixty-five thousand dollars ($265,000).
Appellant's policy with Travelers covered her van and another vehicle owned by her upon which a premium was paid, and she contended that she was entitled to "stack" the uninsured motorist coverage on her claim, raising the uninsured policy limit to $20,000 per person and $40,000 per accident. Appellant advised Travelers that she would settle no part of the claim unless Travelers agreed to pay the "stacked" policy limit less the policy limit of decedent's insurance (i.e., $40,000 minus $20,000), resulting in a net amount of $20,000.
Travelers retained an attorney to advise (1) whether appellant was entitled to uninsured motorist benefits and, if so, (2) how the benefits should be distributed among the several injured parties. His advice to Travelers was to seek judicial determination of distribution rights, and a bill of interpleader for the uninsured motorist payment was filed in the U.S. District Court, Southern District of Mississippi.
Appellant then filed suit against Travelers in the Circuit Court of the First Judicial District of Hinds County, alleging tortious breach of contract by bad faith refusal to pay proceeds, breach of fiduciary duties, and fraud in the inducement. Appellant sought $20,000 in uninsured motorist payments, $500,000 in general damages, and $3,000,000 in punitive damages. A chronology of the dealings between appellant and Travelers follows:

March 4, 1984 Accident
March 13, 1984 Travelers notified
March 19, 1984 Appellant retains counsel
April  June, 1984 Appellant refuses to settle medical[1] or property
 portions of the claim unless uninsured motorist
 benefits are also paid
August, 1984 Property claim settled
September 5, 1984 Appellant's medical bills submitted to Travelers
October 3, 1984 Appellant imposes October 10 deadline for final
 settlement of uninsured motorist and medical claims
October 10, 1984 Travelers retains counsel
October 12, 1984 Appellant extends settlement deadline to October 31
October 30, 1984 Travelers informs appellant of its intent to
 interplead the uninsured motorist policy limits
October 31, 1984 Travelers files bill of interpleader in U.S.
 District Court
November 13, 1984 Appellant files suit (subject of this appeal) in the
 Circuit Court of First Judicial District of Hinds
 County
*814 November 20, 1984 Decedent's insurance carrier interpleads policy into
 the Chancery Court of the First Judicial District of
 Hinds County
February 21, 1985 Medical claim settled

An excerpt from the October 3, 1984, letter, mentioned in the above chronology follows:
If your company is interested in settling this case for the policy limits of $20,000, please have in my office on or before October 10, 1984, at 12:00 o'clock noon, the following:
(1) a check made payable to Minnie Stamps and myself in the amount of $20,000;
(2) a check made payable to Minnie Stamps and myself in the amount of $1,000 for med. pay.; and
(3) an appropriate release.
If we cannot settle this case by the above mentioned deadline, we will revoke our offer to settle this case within the policy limits and shall not settle this case for any amount whatsoever.
Appellant contends that she is entitled to submit the issue of bad faith and punitive damages to the jury because of Travelers' refusal to pay the $1,000 medical benefit and because Travelers declined to pay her the $20,000 uninsured motorist benefits.
On January 21, 1986, Travelers moved for summary judgment against appellant in the Hinds County Circuit Court suit and appellant entered a cross-motion for summary judgment against the appellee. On March 13, 1986, the lower court ruled that appellant was entitled to that portion of the uninsured motorist proceeds to be determined by the U.S. District Court in the interpleader action, together with the policy limit of $1,000 in medical payments with interest and held that the Travelers acted reasonably and without bad faith in seeking judicial determination by interpleader, and, accordingly, entered summary judgment in favor of Travelers, dismissing with prejudice the counts of tortious breach, breach of fiduciary duties and fraud in the inducement. Affidavits and evidence supported the summary judgment for Travelers. There were no opposing affidavits from appellant and, therefore, no genuine issue of fact was raised. Simply, there was nothing filed by appellant as to the facts, except a denial in the pleadings. Rule 56(e), MRCP, provides in pertinent part:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
The record and chronology, supra, reflect that on October 3, 1984, appellant imposed an October 10 deadline for final settlement of uninsured motorist and medical claims without separation. Travelers retained counsel and the deadline was extended by appellant to October 31. On October 30, 1984, Travelers informed appellant of its intent to interplead the uninsured motorist policy limits and filed its bill of interpleader in the U.S. District Court, October 31, 1984. Appellant filed suit in the Circuit Court of the First Judicial District of Hinds County on November 13, 1984.
Where an insurance carrier denies or delays payment of a valid claim, punitive damages will not lie if the carrier has a reasonable cause for such denial or delay.[2]Mutual Life Ins. Co. of New York v. Est. of Wesson, 517 So.2d 521, 528 (Miss. 1987); Pioneer Life Ins. Co. of Illinois v. Moss, 513 So.2d 927 (Miss. 1987); Scott v. Transport Indemnity Co., 513 So.2d 889 (Miss. 1987); Miss. Farm Bureau Mut. Ins. Co. v. Todd, 492 So.2d 919 (Miss. 1986); Bankers Life & Casualty Co. v. Crenshaw, 483 So.2d 254 (Miss. 1985); Southern United Life Ins. Co. v. First State Bank of Waynesboro, 481 So.2d 764 (Miss. 1985); Life Ins. Co. of Indiana v. Veal, 354 So.2d 239 (Miss. 1978). Thus, where the parties *815 dispute the existence and legitimacy of the carrier's reason for delay or denial, these issues are ones of material fact, and the plaintiff is entitled to have a jury pass upon his claim for punitive damages if reasonable minds could differ as to the legitimacy of the carrier's reason. See Pioneer Life Ins. Co. of Illinois v. Moss, supra; State Farm Fire & Casualty Co. v. Simpson, 477 So.2d 242 (Miss. 1985). Determination of whether reasonable minds could differ on this issue is a question for the trial judge. Fedders Corp. v. Boatwright, 493 So.2d 301 (Miss. 1986); Blue Cross & Blue Shield of Mississippi, Inc. v. Campbell, 466 So.2d 833 (Miss. 1985). See also Walker v. Brown, 501 So.2d 358 (Miss. 1987).
In the present case, there was no genuine issue of material fact that could be submitted to the jury on the general question of bad faith in the failure to pay the medical benefits and uninsured motorist coverage to appellant. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] The policy provided that each occupant of the van was entitled to medical payments of $1,000.
[2] Cases refer to this as "arguable reason." That term is synonymous with reasonable cause. See Mutual Life Ins. of New York v. Est. of Wesson, supra.